IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN BURKE, # B-60083, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-345-JPG |
| ) | |
| SALVADOR GODINEZ, ) | |
| RICK HARRINGTON, ) | |
| ASSISTANT WARDEN BUTLER, ) | |
| JOHN TOURVILLE, ) | |
| GEORGE WILLBORN, ) | |
| MICHELLE BUSCHER, MISTI PRICE, ) | |
| BETSY SPILLER, JORGE L. MONTES, ) | |
| ILLINOIS DEPARTMENT of ) | |
| CORRECTIONS, ) | |
| and UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Upon initial review of Plaintiff's *pro se* civil rights complaint and his motion for leave to proceed *in forma pauperis* ("IFP"), this Court found that Plaintiff (who has accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g)) had failed to show that he is under imminent danger of serious physical injury (Doc. 7). Leave to proceed IFP was denied, and Plaintiff was ordered to pay the $350.00 filing fee for this action no later than May 30, 2013, in order for the matter to proceed. He was warned that failure to pay the fee would result in dismissal of this case.

Plaintiff has not paid the fee. Instead, on May 29, 2013, he filed a motion for relief from judgment (Doc. 9) and an amended motion for preliminary injunction and temporary restraining order (TRO) (Doc. 10). In his motion for relief from judgment, Plaintiff states that he does not

have the money to pay the filing fee, and requests the Court to reconsider the denial of his motion for leave to proceed IFP (Doc. 9, p. 12). In addition, he submitted a proposed amended complaint, which the Clerk construed as a motion to amend complaint (Doc. 8). That pleading has now been filed as Plaintiff's First Amended Complaint (Docs. 12 & 12-1).

The original complaint has now been superseded and replaced by the First Amended Complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court shall first address Plaintiff's motion for relief from judgment, and shall then review the amended complaint.

**Motion for Relief from Judgment (Doc. 9)**

Plaintiff's motion for relief from judgment, which was filed within 28 days of the order he challenges, may be treated as either a motion to alter or amend judgment under Rule 59(e) *or* a motion for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A Rule 59(e) motion must be filed within 28 days of the challenged order; a Rule 60(b) motion generally must be filed within one year, with some exceptions. Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under

Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff argues that the Court erred in its interpretation of the legal standard regarding what may constitute "imminent danger of serious physical injury."  He insists that the verbal threats directed toward him by Defendants Tourville and Willborn were sufficient to overcome the three-strike bar, thus he should have been allowed to proceed IFP.  In addition, both the motion and the amended complaint state that on May 16, 2013, Defendant Tourville again "threatened Plaintiff with instant death" and used a racial epithet in conjunction with the threat (Doc. 12-1, p. 6).  This threat did not occur until after Plaintiff had filed the original complaint on April 9, 2013.  The Court shall consider the motion under Rule 59(e).

Although Plaintiff brings up additional cases in support of his argument, they do not persuade the Court that his original allegations were sufficient to overcome the §1915(g) bar.  In *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986), the court ruled that an inmate stated a constitutional claim when a guard pointed a gun at him, cocked it, taunted him with a racial epithet and goaded him to run so the guard could justifiably shoot him.  791 F.2d at 98-100.  This happened immediately after the prisoner had testified in court against another guard.  The threat appeared serious enough that a second guard on the scene interceded to shield the prisoner.

*Burton*, 791 F.2d at 99-100.  Plaintiff's case is distinguishable.  The threats by Defendants Tourville and Willborn were verbal only, did not involve a weapon, nor did the circumstances indicate that harm to Plaintiff was (or is) imminent.  Defendant Tourville's February 2013 "death threat" was conditional – *if* Plaintiff hit him, he would kill Plaintiff – and Plaintiff responded by avoiding further interaction with Defendant Tourville.

In the other case Plaintiff relies on, *Chandler v. D.C. Dept. of Corr.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998), the court allowed a claim to go forward, reasoning that the defendant guard was in a position to carry out her threat to have the plaintiff killed, and the plaintiff stated he suffered psychological harm due to his fear that the threat would be carried out.  Plaintiff's case does not present comparable circumstances.  The verbal threat from Defendant Tourville was made in the dining hall, where Plaintiff sat among a group of other inmates who were temporarily assigned to work in the maximum security unit (Plaintiff was housed in the separate medium security unit).  He alleged that he feared being taken to segregation (where he might be assaulted) if he did not repeat the threat back to Defendant Tourville as ordered (Doc. 1, p 16).  Plaintiff's account of Defendant Willborn's threat focuses on its retaliatory nature, after Plaintiff filed a grievance against him (Doc. 1, p. 13).  As noted in the order denying Plaintiff's IFP motion, Plaintiff's account of the threats, in the context of all his allegations, do not indicate that he faces a serious, credible threat to his safety.

Upon reconsideration, the Court is satisfied that it was correct in concluding that the verbal threats to Plaintiff as described in the original complaint fall on the harassment end of the spectrum, rather than the "cruel and unusual punishment" side, and do not amount to credible threats to his safety.  See *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009).  Nor do they indicate that Plaintiff is under an imminent threat of serious physical harm so as to

overcome the bar of § 1915(g).  The motion does not demonstrate any mistake of law or fact, or newly discovered evidence, that would entitle Plaintiff to an altered or amended judgment under Rule 59(e).  The result would be no different under Rule 60(b).  Accordingly, the motion for relief from judgment (Doc. 9) is **DENIED.**

**Review of Amended Complaint (Docs. 12 & 12-1)**

The amended complaint includes the same allegations as the original complaint, with only minor changes.  Paragraph 1 on page 4 of Doc. 12, through ¶ 72 on page 6 of Doc. 12-1 are identical to pp. 2-19 (¶¶ 1-72) of the original complaint.  Pages 7-10 (Doc. 12-1) of the amended complaint are identical to pages 19-22 of the original pleading.  The only new material is the addition of a section on Plaintiff's litigation history (Doc. 12, pp. 2-3), an allegation of a new recent threat from Defendant Tourville (Doc. 12-1, ¶ 73 on p. 6), and some revisions to the requested relief (Doc. 12-1, pp. 11-17).

Plaintiff's new allegation is that "On May 16, 2013, Tourville yet again threaten[ed] plaintiff with instant death at which time a racial epithet was used in conjunction with said threat, to now chill plaintiff from engaging in First Amendment protected conduct" (Doc. 12-1, p. 6). Nowhere does Plaintiff include Defendant Tourville's actual words, nor does he state that the threat was accompanied by any other non-verbal conduct or circumstances that might indicate a present ability or inclination to carry out the threat of "instant death."

Although the Court in no way condones threatening or racist language directed at prisoners by guards, this new allegation does not change the Court's conclusion that Plaintiff has failed to describe an imminent threat of serious physical injury.  Mere threatening words, without more, will generally not amount to an Eighth Amendment violation.  *See Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.

2000). Indeed, Plaintiff's statement indicates a greater concern with the "chilling effect" of Defendant Tourville's words on his First Amendment activity than the likelihood of the death threat being carried out. Taken as a whole, the amended complaint does not provide grounds to allow Plaintiff to overcome the three-strike bar in order to proceed IFP.

Because Plaintiff has indicated that he does not have the ability to pre-pay the $350 filing fee for this case, and has not paid the fee within the deadline set by this Court, this case shall be dismissed without prejudice. The Court notes that Plaintiff has brought a separate petition for habeas corpus relief for the alleged improper extension of his sentence after the revocation of his mandatory supervised release (*Burke v. Godinez*, Case No. 13-449-DRH). The government has been ordered to respond in that case.

## Disposition

Plaintiff's motion for relief from judgment (Doc. 9) is **DENIED.**

This action is **DISMISSED WITHOUT PREJUDICE.** The motions for preliminary and permanent injunction and temporary restraining order (Docs. 2 & 10) are **DENIED AS MOOT.**

The agency having custody of the Plaintiff is directed to remit the $350.00 filing fee from his prison trust fund account if such funds are available. If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from Plaintiff's trust fund account to the Clerk of this Court each time Plaintiff's account exceeds $10.00, until the $350.00 fee is paid. Payments shall be mailed

to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

**IT IS SO ORDERED.**

**DATED:  June 6, 2013**

s/ J. PHIL GILBERT
United States District Judge